

FILED

AUG 17 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CV 22 - 4727

DMR

DRAFT

| | |
|---|---|
| Roe, | CASE NO. _____ |
| Plaintiff, | ☒ ORIGINAL COMPLAINT. |
| | ☒ DEMAND FOR JURY TRIAL. |
| v. | |
| | CASE TITLE: |
| RPI, | AUXILIARY CASE I |
| Defendant. | |

## (A)   AUXILIARY CASE I.

(¶ No. 1)      This case is hereinafter referred to as the "auxiliary case I" of Roe[1]

("J. Roe", "plaintiff Roe" or "plaintiff") v. Rensselaer Polytechnic Institute

("RPI", "defendant RPI" or "defendant").

---

   [1] Note: "Under the Fifth and Fourteen Amendments to the Constitution of
the United States, Roe is involuntarily forced to protect substantial private,
confidential and undisclosed material facts." Aforesaid is denoted by "‡‡" herein
and hereto.

1 **(B)   PARTIES.**

2 (¶ No. 2)      The parties are:

3   **(a) Plaintiff.** Roe is a "Natural Person Appearing Pro Se", a foreign-born and

4        non-foreign citizen of the United States, a resident of the County of San

5        Francisco, State of California.

6   **(b) Defendant.** RPI is a private "Corporation", a federally assisted

7        university, with a headquarter campus in the County of Rensselaer, State

8        of New York, and has two other campuses in the County of Hartford and

9        New London County, said counties are in the State of Connecticut.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(C)    SUMMARY OF THIS ORIGINAL COMPLAINT.**

(¶ No. 3)        **Fact in issue (‡‡).** Upon <u>intentional and excessive infliction of emotional distress</u> actions, RPI knowingly breaches Roe–RPI contract in 2011 by an excessively malice due process –on false sexual harassment and false copyright allegations– against Roe (e.g., see exhibit 1). RPI discriminatory prejudges, defames, outrageously suspends and causes lifelong and private and confidential physical injuries, irreplaceable harms, unlimited damages and unbearable losses to Roe. RPI maliciously suspends Roe for a period of ~88 years, until Roe's evident death at age ~120. RPI's despotic demand is to <u>retract a lawful publication</u> of Roe et al. (i.e., see exhibit 1).

(¶ No. 4)        **Fact in issue (‡‡).** As a direct consequence of RPI's malicious actions (e.g., see exhibit 2), Roe has been chronically and severely suffering from excruciating, lifelong, private and confidential physical injuries, losses of educational privileges, deprival of employment, unbearably substantial debts, involuntary losses of considerable financial assets and other excessive irreplaceable harms, injuries and damages, among other injured entities.

**(D)   CLAIMS OF CAUSE OF ACTION.**

(¶ No. 5)      **Claims (‡‡).** RPI executes actually malice, excessively reckless and deliberately wrongful actions. As appertains to the JSM paper, RPI:

**(a)** breaches several terms of Roe–RPI agreement ("RRA"[2]);

**(b)** upon <u>intentional and excessive infliction of emotional distress</u> actions,

    **(1)** unconstitutionally denies Roe's *leave of absence* request;

    **(2)** unconstitutionally denies Roe's *change of status* request from a full-time to a part-time student;

**(c)** maliciously, upon breach of academic peace and upon breach of the confidence, penetrates into privileged and potential attorney-client relationship of Roe and a local law firm, upon tacit and deceitful malice actions, in order to unconstitutionally collect case information and evidence against Roe, and drastically fails;

**(d)** unconstitutionally, without any consent or knowledge of Roe, confidentially investigates Roe for their false allegations, and publicly discloses false sexual harassment allegations against Roe to unauthorized entities, and fails;

**(e)** fails to timely and properly investigate and execute an appropriate due

---

[2] The RRA is a multi-compartment contract that has over 1000 pages, including, internally regulated compartments of RPI's own judiciary and judicial procedure (hereinafter "RPIJJP"). RPIJJP primarily includes a handbook (e.g., see Rensselaer handbook of student rights and responsibilities, rev. January 25, 2021 <https://info.rpi.edu/dean-students/05/24/2022/rensselaer-handbook-student-rights-and-responsibilities> hereinafter the "Handbook") and a catalog (e.g., see Rensselaer catalog, undergraduate, graduate, and professional programs, 2006–2007 <http://catalog.rpi.edu/> hereinafter the "Catalog"). [Note: Because RPI does not release the case materials and these internal documents of RPI include countless pages, relevant and appropriate texts of an available version and not the applicable version are included herein, hereto or herewith.].

process of the law (e.g., see exhibit 2), for false sexual harassment and false copyright allegations against Roe;

**(f)** knowingly, discriminatory, without providing any proper evidence, without stating any technical fact or facts in issue or expert opinions, alleges that an original invention of Roe et al. (e.g., see exhibit 1) is a copyright infringement and must be retracted, thereafter falsely alleges that Roe has committed academic dishonesty, plagiarism and unlawful collaboration (e.g., see exhibit 3), and fails to prove or legally proceed –in or out of the courts– regarding their false copyright allegations;

**(g)** unconstitutionally, deliberately, discriminatory and outrageously malicious, suspends Roe for ~88 years (e.g., see exhibit 4), publicly defames Roe in oral and in written (e.g., see exhibits 2–3), and upon intentional and excessive infliction of emotional distress actions, causes private, confidential and lifelong physical injuries and incapacitation, unlimited damages, irreplaceable harms and unbearable financial losses, thereby, as a consequence of RPI's maliciously wrongful actions, Roe has been suffering from said private and confidential physical injuries;

**(h)** most recently in 2021–2022, after Roe's health improvement and upon receipt of extensive confidential evidence of their evident failures, fails to,

    **(1)** communicate, negotiate and settle the matters of Roe–RPI;

    **(2)** change their false and discriminatory decisions;

    **(3)** provide educational transcripts to Roe;

    **(4)** meet, confer and cooperate regarding the matters of Roe–RPI;

    **(5)** release Roe's case materials, upon the Federal Rules; and

    **(6)** respond to basic discovery requests, required by the courts.

**(i)** limits Roe's access to a part of RPI's web site (e.g., see exhibit 5); and

**(j)** violates the rule 1 of the Federal Rules of Civil Procedure, such that ". . .

1  to secure the just, speedy, and inexpensive determination of every action

2  and proceeding. . .". See also exhibit 6.

3  (¶ No. 6)    Upon facts herein, RPI is the sole cause[3] of this action, because,

4  **(a) Fact.** RPI has a history of violating our laws;

5  **(b) Fact.** Roe has no history of violating our laws or international laws;

6  **(c) Fact.** Roe has been cooperative at any and all times and places;

7  **(d) Fact.** Roe has never filed any complaint against any entity; and

8  **(e) Fact.** No entity has filed any complaint against Roe.

9  (¶ No. 7)    **Fact in issue (‡‡).** Speedy and public trial is appropriate, primarily

10  due to the fact that Roe has private, confidential and unbearable injuries and

11  RPI had over a decade to resolve the matters hereof. Additionally, RPI has

12

---

13  [3] See, e.g., *McInerney v. Rensselaer Polytechnic Institute*, 688 F. Supp. 2d

14  117 (N.D.N.Y. 2010) (hereinafter "*Joe v. RPI*"). *Id.* at pages 1–2, in the first

    paragraph of the introduction section therein, Hon. David N. Hurd summarizes

15  the case: ". . . [Joe] . . . brings ten causes of action against. . . [RPI. Joe] alleges. . .

16  that [RPI] intentionally discriminated against [Joe] in violation of Title III of the

    Americans with Disabilities Act ('Title III of the ADA') and Section 504 of the

17  Rehabilitation Act ('§ 504') by failing to provide [Joe] with sufficient rest breaks

18  during his Doctoral Candidacy Exam. [Joe] also alleges. . . that [RPI]

    discriminated against [Joe] in violation of Title III of the ADA by refusing to

19  communicate to the doctoral candidacy examiners the nature of the problems

    [that Joe] experienced during his exam. Furthermore, [Joe] alleges . . . that [RPI]

20  discriminated against [Joe] in violation of Title III of the ADA and § 504 by

21  failing to provide [Joe] with a second opportunity to take the doctoral candidacy

    exam. [¶] . . . [Joe] alleges that [RPI] discriminated against [Joe] in violation of

22  Title III of the ADA by failing to help [Joe] understand and use a computer fluids

23  code. [Joe]. . . alleges that [RPI] discriminated against [Joe] in violation of Title

    III of the ADA by refusing to help [Joe] find a thesis advisor. [Joe]. . . alleges that

24  [RPI] discriminated against [Joe] in violation of Title III of the ADA and Title V

    of the ADA by refusing to allow [Joe] to change to 'active' status and resume his

25  education at RPI. Additionally, [Joe] alleges . . . that [RPI]'s refusal to allow [Joe]

26  to change to 'active' status constituted an act of discrimination in violation of §

    504. Finally, [Joe] . . . alleges that [RPI] breached its agreement with [Joe] in

27  violation of state contract law . . .".

28

been failing on their obligations in several times and places and RPI recklessly violates our laws, upon malicious actions or similarly, including but not limited to, negligent, <u>intentional and excessive infliction of emotional distress,</u> breach of academic peace, tort (e.g., prima facie, personal, dignitary and defamatory), libel (e.g., group libel, libel per se, libel per quod), defamation (e.g., private publication), active breach of contractual obligations (e.g., legal duty, moral duty, implied duty of cooperation, active breach of the fiduciary relationship under the Modern Rules of Professional Conduct, etc.), wrongful conduct, and other unlawful actions of RPI, as appertains to the JSM paper.

**(E)    LOCATIONS OF EVENTS.**

(¶ No. 8)       The events extend from 2008 to present:

    **(a) State of Idaho.** Roe is a resident of Bannock County from January 2008 to July 2008.

    **(b) State of New York.** Roe is a resident of Rensselaer County from August 2008 to January 2012.

    **(c) Involuntary locations.** As a sole consequence of Roe's suspension and thereby unemployment at RPI, Roe is involuntarily forced to abandon the County of Rensselaer, State of New York, and from January 2012 to April 2012, Roe is not a resident.

    **(d) State of California.** Roe is a resident of the County of San Francisco from May 2012 to this date.

**(F)   RELATED ORIGINAL COMPLAINTS.**

(¶ No. 9)      **Fact in issue (‡‡).** Related original complaints will be involuntarily filed, because:

**(a)** RPI is uncooperative (e.g., discovery, meet & confer, etc.);

**(b)** it is unbearable and implausible to properly present the matters of Roe–RPI, due to substantially costly discovery process, wherein RPI does not follow the Federal Rules of Civil Procedure;

**(c)** by misusing Roe's cooperative evidence and extensive proof of RPI's failures, solely provided to RPI for a potential bona-fide settlement agreement, RPI most recently terminates a part of RPI's web site, in an attempt to limit Roe's online access (e.g., see exhibit 5);

**(d)** as a result of RPI's maliciously wrongful actions, Roe has been chronically suffering from private and confidential physical injuries; and

**(e)** as a result of RPI's delictual faults and supinely negligent actions, preparations of auxiliary original complaints are time-consuming.

(¶ No. 10)      **Fact in issue.** Upon facts herein, Roe is involuntarily forced by RPI to submit related original complaints, and said complaints may be eventually consolidated into one lead case in the future, if required.

(¶ No. 11)      **Key witnesses (‡‡).** A minimum of two witnesses[4] will appear and testify, regarding any and all facts herein, and will provide substantive private and confidential evidence and statements.

(¶ No. 12)      **Key claims (‡‡).** Partial JSM-related claims are as follows,

**(a) Claim.** RPI is in the violation of U.S. Constitution, including article I, section 8, clause 8 therein, urges and requires that, ". . . all  . . . [actions] shall be uniform throughout the United States. . . [t]o promote the

---

[4] According to section 3, article III of the U.S. Constitution, two witnesses shall be sufficient for any and all matters and statements herein or hereto.

| | |
|---|---|
| AUXILIARY CASE I | CASE NO. |
| **PAGE 9 OF 35**   ORIGINAL COMPLAINT | Roe v. RPI |

Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries", and the Fifth Amendment to the U.S. Constitution urges and requires that, "[n]o person shall be held to answer for . . . infamous crime, unless on a presentment or indictment of a Grand Jury. . .; nor shall be compelled in any . . . case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law".

**(b) Claim.** RPI is in the violation of Title IX[5] because "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . .", among other RPI's violations. See 20 U.S. Code § 1681(a).

**(c) Claim.** RPI is in the violation of Title 17 of the U.S. Code because RPI falsely alleged that Roe violated our copyright laws and failed to prove or proceed upon their false copyright allegations, nor did properly act upon regarding their false allegations within the statute of limitations of their false allegations or a maximum of ten years in any and all states of the

---

[5] See, e.g., *Doe v. Rensselaer Polytechnic Inst.*, No. 1:20-cv-01185 (DNH/DJS) (N.D.N.Y. Oct. 16, 2020) (hereinafter "*Doe v. RPI*"). [Note: *Doe v. RPI* is an example of RPI's gender discrimination and is an evidence that RPI acts as an irresponsible non-educational entity. *Id.* at page 26, Hon. David N. Hurd believes that, "[t]he Court understands many of the impulses that may cause a school to favor women over men in the context this case presents. After all, claims of sexual assault like [Jane]'s—and [John]'s—are often difficult to prove. By their very nature, these claims typically involve a level of privacy that undercuts the availability of witnesses, to make no mention of the stigma that attaches so easily to sexual assault victims, the profound psychological trauma that inevitably follows sexual assault, or the age-old stereotypes that call listeners to disbelieve complainants—especially, historically speaking, women. Much work must be done to ensure that sexual predators are called to justice, and the Court does not shrink from that truth".].

United States. See, e.g., 17 U.S. Code § 507 (a) & (b).

**(d) Claim.** RPI is in the violation of Title VII of the Civil Rights Act of 1964,
because at least one employee of RPI discriminated Roe on the basis of
national origin or sex[6] or bias or similarly. See 2 U.S.C. § 1311 (a)(1).

**(e) Private and confidential claims.** RPI is in the violation of many other
laws, that due to the uncommon complexity of the matters of Roe–RPI,
said violations are not included herein. Related original complaints are
filed in the future for said claims.

---

[6] See e.g., *Doe v. Rensselaer Polytechnic Institute*, No. 1:20-cv-01359
(BKS/CFH) (N.D.N.Y. Nov. 6, 2020) (hereinafter "*Doe II v. RPI*"). *Id.* at page 1,
introduction, paragraph 1 therein, Hon. Brenda K. Sannes summarizes the case
as follows: "On November 3, 2020, . . . Doe [II], a student at . . .[RPI]. . . filed this
diversity action against RPI alleging breach of contract and breach of the implied
covenant of good faith and fair dealing. ([citation]). The same day, [Doe II] filed a
motion under Federal Rule of Civil Procedure 65 for a temporary restraining
order ('TRO') and preliminary injunction enjoining RPI 'from imposing an
«Emergency Suspension» upon [Doe II], and excluding him from participating in
his coursework via online learning, pending the conclusion of [Doe II]'s judicial
inquiry at the college.' ([citation]). On November 5, 2020, the Court held a
telephone conference with the parties and provided RPI until 5:00 p.m. to file a
response to [Doe II]'s request for a TRO based on his claim regarding the
emergency suspension. The Court also gave the same deadline for [Doe II] to file
any supplemental briefing in support of his motion. Having considered the
parties' submissions, ([citation]), the Court grants [Doe II]'s motion for a TRO to
the extent it seeks to enjoin RPI from excluding him from participating in his
coursework via online learning pending the outcome of the judicial inquiry". *Id.*
at page 17, Hon. Sannes "ORDERED that RPI is restrained from excluding [Doe
II] from participating in his coursework via online learning".

**(G)   SUMMARY OF EVENTS.**

(¶ No. 13)      ‡‡. The main JSM-related events are summarized as follows:

   **(a) Fact.** In January 2, 2008, Roe arrives in the United States for the first time, under an F-1 Student Visa. Roe participates in a Ph.D. program in the measurement and control engineering research center ("MCERC") at Idaho State University ("ISU"), and is employed under a contractual fellowship, almost entirely funded by the United States Army Medical Research and Development Command via a U.S. federal award of ISU, known as "smart prosthetic hand" ("SPH"). The end-result of SPH was to prototype a dexterous intelligent prosthetic hand for our amputated warfighters and veterans, returning from the wars and conflicts, among other individuals with disabilities.

   **(b) Fact.** In August 2008, Roe transfers from MCERC at ISU to RPI, via a new scholarship contract or the RRA.

   **(c) Fact in issue.** During 2008–2012, RPI breaches the RRA in several times and places. Roe never breaches any term of RRA or any portion thereof.

   **(d) Fact in issue.** In 2011, RPI, without stating any detailed fact or facts in issue or proper evidence, without proper due process of the law, without following their own RPIJJP, and with actual malice, falsely alleges that Roe has violated our Title IX and copyright laws.

   **(e) Fact.** During 2011–2012, Roe brings four witnesses and denies any and all false allegations of any and all entities at any and all times and places.

   **(f) Fact.** RPI does not accept. RPI does not also state any proper reason[7] or

_____

   [7] In *Doe v. RPI*, *supra*, at page 15, paragraph 3 therein, the Court discovers that, "RPI's first basis appears to credit [Jane]'s narrative of the encounter over [John]'s <u>without providing any reasons</u> for doing so. [John] <u>does not describe a complex conversation</u> at any point in his allegation, instead describing simple conversations along the lines of [Jane] inviting him to drink alcohol and her

any proper facts in issue. See exhibits 2–3.

**(g) Fact.** Roe appeals the matters of Roe–RPI several times.

**(h) Fact.** Roe appeals the matters to several major executive offices at RPI, including offices of general counsel and secretary of RPI ("RPIGC"), dean of students ("RPIOS"), dean of graduate education ("RPIOGE"), dean of engineering, etc., in witness of all third parties. Third parties include:

    **(1)** a legendary public figure and distinguished and eminent medical surgeon and at-the-time JSM's editor-in-chief ("JSMEIC") and a current resident of the State of California;

    **(2)** two international members of the office of the JSM;

    **(3)** two external public figures and subject matter experts; and

    **(4)** three authors of the JSM paper. See exhibit 1.

**(i) Fact.** Roe appeals the matters of Roe–RPI in several other times and places. RPI knowingly does not accept.

**(j) Fact in issue.** Upon our initial discovery, during 2008–2011, RPI maliciously violates Title IX rights of both individuals.

**(k) Fact in issue.** RPI instantly and untimely opens an internal judicial procedure in the September 7 of 2011, thereby RPI, upon intentional and excessive infliction of emotional distress actions, maliciously suspends Roe, without proper due process of the law.

**(l) Fact in issue.** During 2008–2011, RPI extensively violates Title IX rights of Roe. RPI excessively reckless and maliciously investigates the false sexual harassment allegations, without any consent or knowledge of Roe,

---

requests that they engage in various sex acts". Underscoring added. It is similar to our claim that RPI maliciously executes threatening disciplinary actions, without providing any reason.

and exceedingly malicious, penetrates into potential attorney-client relationship of Roe and a local law firm to collect evidence against Roe and ruthlessly fails. Amendment IV to the Constitution of the United States urges and requires that, "[t]he right of the people to be secure in their persons, . . . papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the [physical or virtual] place to be searched, and the persons or things to be seized". RPI knowingly and intentionally violates our very basic and fundamental U.S. Constitutional laws.

(m)    **Fact in issue.** In 2011, upon <u>intentional and excessive infliction of emotional distress</u> and actual malice and animus differendi actions, RPI delays[8] and subsequently denies two thoroughly independent requests of Roe, completely impertinent to RPI's false allegations:

(1)  a request for one semester *leave of absence*, which was in fact priorly approved by RPI's two prominent departmental professors; and

(2)  a request for one semester *change of status* from a full-time to a part-time student.

(n) **Fact in issue.** In 2011–2012, RPI recklessly defames Roe, after malicious

---

[8] See *Doe v. RPI*, *supra*, at pages 24–25, Hon. Hurd believes that, "RPI's interest in punishing those it finds in violation of its sexual misconduct policy should be no greater than its interest in ensuring that its accused students are not unjustly punished to their <u>lifelong</u> detriment. Besides, it is tragically all too likely that more sexual assault complaints will follow this one. Delaying one hearing in light of some sobering evidence of discrimination against a male is an insubstantial loss for [RPI], and certainly not an all-consuming one. But <u>plaintiff only has one reputation, one career, and one life</u>". Underscoring added. Hon. Hurd's judgement supports the fact that improper internal judicial procedure of RPI, regarding Title IX claims, causes lifelong defamation injuries.

execution of an outrageous due process, for investigating complex false sexual harassment and false copyright allegations, using <u>intentional and excessive infliction of emotional distress,</u> actual malice, and discriminatory actions, executed by two offices of RPI, performed by three sophisticated individuals, <u>without proper judicial or Title IX qualifications</u> to intervene in the false and external sexual harassment allegations against Roe.

**(o) Fact in issue.** In 2011–2012, RPI maliciously suspends Roe for ~88 years, until the evident death of Roe at age ~120, using two internal holds or despotic weapons of RPI, said holds are issued by the dean of students (or RPIOS or the head of RPIJJP), and the dean of graduate education (or RPIOGE). See exhibit 4.

**(p) Fact in issue (‡‡).** As a direct result of RPI's maliciously wrongful actions, Roe is excruciatingly suffering from private and confidential physical injuries[9] directly caused by RPI's <u>intentional and excessive</u>

---

[9] See, e.g., *Joe v. RPI, supra. Id.* at page 2, background section, paragraph 2 therein, Hon. David N. Hurd believes that, "[d]espite the relative success of the cardiac and brain surgeries, [Joe] continues to suffer from periodic epileptic seizures, chronic fatigue, sleepiness, dizziness, head rushes, and leg pain. . . Consequently, [Joe] takes anti-seizure medication, and while the medication helps reduce the risk and occurrence of seizure, the side effects of [Joe's] medication include drowsiness, dizziness, and lightheadedness. . . . There is a close correlation between the degree of these symptoms and the amount of time he spends intensively talking, reading, typing, or working at the computer. . . . [Joe] is able to reduce these symptoms with frequent breaks and intermittent time off." *Id.* at page 3, the Court continues in the third paragraph, ". . . when [Joe] enrolled in the Mechanical Engineering Graduate Program at RPI [, exactly the same program as Roe], he was still suffering from seizures, dizziness, head rushes, headaches, tension, difficulties with concentration, aphasia, muscle pain, extreme fatigue, and chronic sleepiness. . . . Accordingly, [Joe] requested accommodations from RPI's Disabled Students Services Office by submitting a. . . ." *Id.* at page 4, paragraph 2 therein, the Court summarizes that, "[a]s a student at RPI, [Joe] was required to pay a fee to [RPI's] Health Center. . . . On March 22, 2002, [Joe] was experiencing frequent head rushes and dizzy spells and was

1    <u>infliction of emotional distress</u>, among other actions.

2    **(q) Fact (‡).** In 2021–2022, in the past ~7-8 months, upon amelioration of

3    Roe's injuries, Roe provides private and confidential cooperative evidence

4    and extensive court material proof that RPI has failed in any and all

5    actions– to RPI's office of the general counsel or new RPIGC and requests

6    for "communication, negotiation and settlement". See exhibit 6.

7    **(r) Fact in issue.** RPI collects the cooperative evidence of the preceding fact–

8    provided solely for settlement purposes– and moves adversely against Roe

9    by limiting Roe's access to RPI's web site. See exhibits 5–6.

10   **(s) Fact in issue.** Most recently, Roe becomes aware that, on January 20,

11   2022, RPI terminates a part of their RPI's web site, to which Roe had

12   online access, in an attempt to limit Roe's access to case materials, due to

13   the fact that Roe provided cooperative case materials and evidence to

14   RPIOGE (e.g., see exhibit 5) and RPIOGE is well informed of the matters

15   of Roe–RPI, thereafter RPI moves to limit Roe's online access to RPI's web

16   site and does not grant any access upon Roe's requests.

17   **(t) Fact.** Most recently, Roe notifies RPIGC, regarding their adverse actions.

18   RPIGC does not respond or grant access to RPI's web site.

19

20   ————————————

21   having trouble thinking straight, speaking, and reading. . . . [Joe] went to the
     [RPI's] Health Center because he wanted to 'be near medical help in case his
22   dizzy spells turned into a seizure.'. . . [Joe] informed the staff at [RPI's] Health
     Center that he 'thought he was going to have a seizure,' and that he 'just needed
23   a safe place to sleep.' . . . The staff, consistent with [RPI's] Health Center's policy
     that students are not permitted to occupy beds solely for the purpose of resting or
24   sleeping, denied [Joe]'s request and informed [Joe] that if it was an emergency,
25   then he should seek medical attention at the local hospital. . . . [Joe] responded
     that it was not an emergency, and he just needed a 'safe place to sleep.' . . .
26   Ultimately, [Joe] was denied a bed and was forced to walk to the local hospital,
27   where he was given a place to rest".

28   AUXILIARY CASE I                                        CASE NO.
     **PAGE 16 OF 35**            ORIGINAL COMPLAINT          Roe v. RPI

1
2
3
4
5
6
7

**(u) Fact in issue.** Most recently, upon facts herein, Roe is forced by RPI to commence this action, thereupon notifies RPIGC et al. regarding intention to file "Roe v. RPI" original complaints in the federal courts and requests for cooperative discovery under the Federal Rules of Civil Procedure. RPI ignores the Federal Rules– which is highly encouraged and required by the courts. Thereupon, this case is commenced due to adverse and supinely negligent actions of RPI.

**(H)     CLAIMS OF IRREPLACE HARMS AND LIFELONG INJURIES.**

(¶ No. 14)     **Claims (‡‡).** As of today[10], JSM-related injuries directly caused by RPI's false copyright allegations are as follows:

**(a) Education**. Total partial educational loss is $1,525,058, because Roe was about to graduate with three degrees, maliciously blocked by RPI:

    **(1)** a Ph.D. degree in mechanical engineering, concentrated on manufacturing and control systems; total partial loss hereof was ~$401,165 in 2012, and is $1,117,531 in 2022;

    **(2)** a master of science degree in industrial and systems engineering, concentrated on decision science and engineering systems; total partial loss hereof was ~$74,423 in 2012, and is $207,321 in 2022; and

    **(3)** a master of science degree in management science, concentrated on technological commercialization and entrepreneurship; total partial loss hereof was ~$71,869 in 2012, and is $200,206 in 2022;

**(b) Employment**. Key employment harms are private and confidential. RPI maliciously suspended Roe, thereby blocked Roe's educational degrees and caused physical injuries and deprival of employment; total partial employment loss hereof is ~$3,793,186.

**(c) Health**. Physically incapacitating and excessively excruciating and lifelong injuries of Roe are private and confidential.

**(d) Financial losses**. Complete financial losses are private and confidential.

**(e) Defamation**. Roe has been unlimitedly defamed by RPI.

**(f) Private and confidential claims**. Other private and confidential injuries are exceedingly substantial and unlimited.

---

[10] Note: All estimations herein and hereto are as of today and partial to solely the JSM paper. Other injuries will be included in related complaints.

**(I)  CLAIMS OF RECKLESS AND MALICE DUE PROCESS.**

(¶ No. 15)     **Fact in issue (‡‡).** RPI threatens[11] or activates disciplinary actions

on students. See e.g., *Doe v. RPI*, *supra*; and *Doe II v. RPI*, *supra*.

(¶ No. 16)     **Fact in issue (‡‡).** Upon <u>intentional and excessive infliction of</u>

<u>emotional distress</u> actions, RPI maliciously performs biased and

discriminatory due process, on their false allegations (e.g., see exhibits 1–3).

Then, RPI perpetually suspends Roe (e.g., see exhibit 4).

(¶ No. 17)     **Fact in issue (‡‡).** Private and confidential material facts of RPI's

malice due process are presented at the trial[12].

---

[11] In *Doe v. RPI*, *supra*, at page 25, last paragraph therein, Hon. Hurd
concludes that, ". . . Doe has made a showing sufficient to establish a reasonable
likelihood that RPI has come down on the opposite side of that truth, no matter
how dysphonic their chosen path may be when this Court attempts to harmonize
it with plaintiff's rights under Title IX. As a result, plaintiff has also made a
sufficient showing that [RPI] has <u>threatened</u> his academic future in violation of
his rights to equal treatment regardless of his sex, a harm that damages cannot
make whole". Underscoring added.

[12] In *Doe v. RPI*, *supra*, at page 25, third paragraph, Hon. Hurd partly
approves RPI's argument and believes that, ". . . RPI correctly noted at oral
argument that [Jane]'s rights need to be protected in this case as well, that
protection cannot come at the expense of [John]'s in the absence of a fair
determination of his culpability". Contrary to *Doe v. RPI*, as relates herein, RPI
maliciously demolishes Title IX rights of both individuals, in the false sexual
harassment allegations hereof, upon deliberate obmutescence and oblivious of our
U.S. Constitution and laws, and upon maliciously investigations by unqualified
individuals, without proper Title IX qualifications.

**(J) CLAIMS OF EXCESSIVELY MALICE TITLE IX MISCONDUCT.**

(¶ No. 18)     **Fact in issue (‡).** With improper investigations by unqualified individuals, with actual malice due process[13], and without complying with their own RPIJJP, RPI maliciously exhausts and demolishes Title IX rights of both individuals. Private and confidential material facts of RPI's tremendously malice Title IX misconduct[14] are presented at the trial.

---

[13] Note: See *Doe v. RPI*, *supra. Id.* at page 27, par. 2, Hon. Hurd concludes that, "[a]gainst Doe's protected rights, RPI's showing of the equities amounts to hollow portents of rampant sexual assault and the impermissible assumption that <u>plaintiff is already guilty</u> despite not having so much as a hearing on a matter of grave import to his future. Plaintiff has thus proven each a likelihood of success on the merits, irreparable harm should a preliminary injunction not be granted, that the balance of the equities favors granting the injunction, and that the public interest would not be disserved by enjoining [RPI] from conducting its hearing against him. Accordingly, plaintiff's motion for a preliminary injunction must be granted". Underscoring added.

[14] See *Doe v. RPI*, *supra*, at page 24, Hon. Hurd believes that, "[i]t is troubling enough that [RPI] frames protections for one individual's due process rights, whether that individual be male or female, as inciting campus sexual assault on a mass scale. But far worse is that by its own litigation position [RPI] seems <u>already to be considering plaintiff to be guilty of violating the policy without giving him any opportunity to challenge its evidence.</u> Needless to say, [RPI]'s arguments on this point are ill-advised, and do little to demonstrate that the equities do not favor granting plaintiff's requested injunction". Underscoring added. In the matters of Roe–RPI, RPI acted similarly, as properly discovered in *Doe v. RPI*, i.e., "already to be considering [Roe] to be guilty of violating the policy without [providing any evidence, stating any facts in issue and without] giving [Roe] any opportunity to challenge its evidence. . .". In the matters of Roe–RPI, RPI maliciously misused their own internal speedy and public trial, briefed herein, and substantive private and confidential evidence exists (‡), such that RPI unlawfully gain their own tyrannic result, which said result was the <u>retraction of a lawful invention</u> of Roe et al., i.e., the JSM paper.

---

**(K)   CLAIMS OF DISCRIMINATORY COPYRIGHT ALLEGATIONS.**

(¶ No. 19)     **Fact in issue (‡‡).** False copyright allegations of RPI solely relates to the JSM paper and said allegations were and are false. Because,

**(a) Fact**. RPI falsely alleges that the JSM paper is a copyright infringement and Roe committed "*academic dishonesty,* specifically plagiarism, fabrication and/or [unlawful] collaboration" and perpetually suspends Roe.

**(a) Fact**. All relevant parties, including all authors of the JSM paper and the JSM publisher and RPI were all informed of the false copyright allegations, since 2011.

**(a) Fact**. No complaint has been filed in any court.

**(b) Fact**. The JSM paper has been continually available for sale.

**(c) Fact**. Statute of limitations to file any complaint, regarding the JSM paper, has been expired on February 2, 2022, in any and all states.

**(d) Fact.** The JSM paper has been lawful at all times and places. Therefore, defamatory allegations of RPI were and are false.

**(e) Fact in issue.** Assuming that the JSM paper was unlawful, RPI must have acted upon. RPI never did. Therefore, it is evident that RPI violates our laws and RPI maliciously accused, defamed, suspended, caused injuries to Roe, upon intentional and excessive infliction of emotional distress actions and on other basis of national origin, sex, bias or similarly.

**(f) Fact**. While the duration of Roe's suspension for ~88 years is ambiguous, Title 17 of the United State Code, section 302, subdivision (a) entails that "[c]opyright in a work created on or after January 1, 1978, . . . endures for a term consisting of the life of the author and 70 years after the author's death". See 17 U.S. Code § 302 (a), (b), (c), (d) & (e).

**(N)   CLAIMS OF FREQUENT SEX DISCRIMINATION.**

(¶ No. 20)      **Claims (‡‡).** Private and confidential material facts of RPI's repeated sex discrimination are presented at the trial. Other facts are:

**(b) Fact.** "With respect to a program or activity carried on or receiving federal assistance . . . an individual may not be excluded from participation, . . . or otherwise discriminated against based on sex". See 40 U.S. Code § 122 (a); 42 U.S. Code § 5891. See also 29 U.S. Code ch. 8 § 206(d); 10 U.S. Code § 481 (a)(2)(C); and the Equality Act[15].

**(c) Fact in issue.** RPI discriminated Roe based on sex[16]. See, e.g., *Doe v. RPI*, *supra*, at page 14, paragraph 3 therein, states that, "[t]his raises a powerful inference of sex discrimination".

---

[15] Equality Act ". . . prohibits discrimination based on sex, sexual orientation, and gender identity in areas including public accommodations and facilities, education, federal funding, employment, housing, credit, and the jury system. Specifically, the bill defines and includes sex, sexual orientation, and gender identity among the prohibited categories of discrimination or segregation". See H.R. No. 5, 117th Cong., 1st Sess., 2021–2022 (hereinafter the "Equality Act").

[16] In *Doe v. RPI*, *supra*, page 27, par. 3 therein, Hon. Hurd concludes that, ". . . Doe has made a showing that RPI's current regime may be discriminating against him on the basis of his sex, and if he is satisfied that the 2020 policy's additional protections would adequately shield him—which he has indicated that he believes they would—the Court would be willing to entertain allowing RPI to proceed. Barring that, this Court must be satisfied that [RPI] adequately protects male students like Doe before he can be threatened with discipline in this matter".

**(O)   CLAIMS OF NATIONAL ORIGIN DISCRIMINATION.**

(¶ No. 21)   **Claims (‡‡).** RPI discriminated Roe based on national origin:

   **(a) Fact.** "[N]o person in the United States shall, on the ground of . . . color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance". (See 42 U.S. Code §§ 2000d *et seq.*).

   **(b) Fact.** Private and confidential material facts of RPI's national origin discrimination are presented at the trial.

**(P)   CLAIMS OF OUTRAGOUS AND MALICE DEFAMATION.**

(¶ No. 22)   **Claims (‡‡).** RPI defamed Roe. See exhibits 2–4. Private and confidential material facts of defamation are presented at the trial.

**(L)   DEFENDANT'S MOTIONS TO DISMISS.**

(¶ No. 23)   **Fact in issue (‡‡).** All RPI's premature or frivolous pretrial motions to dismiss, to this original complaint or any portion hereof, shall be ungranted, with or without prejudice, due to the fact that RPI's unlawful cease of the case materials and RPI's negligent violations of the Federal Rules of Civil Procedure, are the sole cause of the following fact:

   **(1) Fact (‡‡).** Many private, confidential and other material facts and evidence are involuntarily undisclosed herein.

**(M)   JURISDICTIONAL STATEMENT.**

(¶ No. 24)     The jurisdictional statement is as follows:

  **(a) JURISDICTION**. This Court has any and all the proper jurisdiction over this entire case, because:

  **(1) Fact.** Section 1 of Amendment XIV to the Constitution of the United States urges that, "[a]ll persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

  **(2) Fact.** Article IV, section 1 of the U.S. Constitution urges and requires that, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof".

  **(3) Fact.** Roe and the majority of key entities and witnesses reside in the State of California or other states, and not the State of New York, wherein only one entity (i.e., RPI) is headquartered.

  **(4) Fact.** "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .". See 28 U.S. Code § 1332(a).

  **(5) Fact.** As a result of RPI's malicious suspension, Roe was forced to involuntarily abandon the County of Rensselaer in the State of New York and reside in the State of California, wherein the involuntary

injuries have been befalling. Additionally, upon facts and evidence herein, RPI most recently caused the commencement of this action.

**(6) Fact.** RPI generates profits from students and entities of California, therefore RPI shall provide agents in the State of California.

**(b) Divisional Assignment**. This original complaint most recently arose in the County of San Francisco and Roe is the resident of the City and County of San Francisco, since the malevolent termination by RPI, thereby the San Francisco Division is appropriate.

**(N)    VENUE.**

(¶ No. 25)    The venue is appropriate because:

**(a) Fact.** ". . . [T]he proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature". See 28 U.S. Code § 1391(a)(2).

**(b) Fact.** ". . . [A] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .", is the State of California. See 28 U.S. Code § 1391(b)(2).

**(c) Fact.** As a result of RPI's malice actions, Roe was involuntarily forced to leave the County of Rensselaer.

**(d) Fact.** Related events have been occurring from 2008 to present, and the State of California holds the timeline majority of the key events.

**(O)    RELATED CASES.**

(¶ No. 26)    **Fact in issue (‡‡).** As of today, there is no related cases. However, one lead case and seventeen other auxiliary and related original complaints that are not filed yet, due to the following facts:

**(a)** RPI does not release Roe's case materials under the Federal Rules;

**(b)** RPI is generally reckless, negligent and uncooperative;

**(c)** Preparations of related original complaints are substantively costly,

1  primarily due to our privacy, confidentiality and evidence laws, and Roe is

2  in possession of ~532,000 pages of pertinent information hereto; and

3  **(d)** Roe has private, confidential and physically incapacitating health injuries.

4

**(P)      EXPEDITED TRIAL.**

5

6  (¶ No. 27)      **Fact in issue (‡‡).** An expedited trial of all matters is appropriate

7  and requested, because:

8  **(a) Confidential harms**. Roe must involuntarily request for an accelerated

9  due process of the law. (e.g., see 29 C.F.R. § 18.42, amend. July 8, 2022;

10  Cal. Code Regs. Tit. 8, § 373; Rosenfield v. Vosper, 45 Cal. App. 2d 365

11  (Cal. Ct. App. 1941) (hereinafter "*Rosenfield v. Vosper*").).

12  **(b) Dependents**. Three dependents of Roe have been adversely affected.

13  **(c) Time and Expense**. RPI had over a decade time to resolve the matters of

14  Roe–RPI, and RPI has failed in several times and places to cooperatively

15  resolve the matters. In *Rosenfield v. Vosper, supra* (styling modified):

16  **(1)** "[i]n the early days of the trial the judge frequently admonished the

17  attorneys that the matter was taking too much time, spoke of the

18  expense of conducting the court, urged expedition in the handling of the

19  matter and frequently suggested to counsel that a settlement should be

20  agreed upon out of court"; Roe has made several attempts to resolve the

21  matters – out of the courts – and RPI made almost no effective effort

22  and is taking too much time and has been causing irreplaceable harms,

23  therefore an expedited trial is appropriate;

24  **(2)** regarding the expedition of the trial, Hon. Wood stated that, ". . . I do

25  remember that I did repeatedly admonish both sides that too much

26  time was being taken and urged that an attempt be made to cover the

27  ground with less expenditure . . ."; and

28  **(3)** "[a]lthough efforts on the part of a trial judge to expedite proceedings

and to encourage settlements out of court are ordinarily to be commended, such efforts should never be so directed as to compel either litigant to make a forced settlement".

**(d) Venue.** ". . . [I]n order to expedite proceedings, no change of venue may be granted". See Lovell v. INS, 52 F.3d, 458 (2d Cir. 1995).

**(e) Fact.** In 2011, RPI maliciously executed internal speedy and public trial on their false sexual harassment and false copyright allegations against Roe. See exhibits 2–3. See also Amendment VI to the U.S. Constitution.

**(f) Fact.** Article 1, section 8, paragraph 9 of the U.S. Constitution, urges and emphasizes the importance of ". . . promot[ing] the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries". Aforesaid rights of Roe have been blocked and demolished by RPI.

**(Q)   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

(¶ No. 28)    The following certification is separately filed:

**(a) "CERTIFICATION OF INTERESTED ENTITIES OR PERSONS".**

"Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report".

**(R)   DEMAND FOR JURY TRIAL.**

(¶ No. 29)    ☒ Jury trial is demanded for all matters.

**(S) PRAYER FOR RELIEF.**

(¶ No. 30)    ‡‡. WHEREFORE, with all due respect and in most humble terms, this Court may do any graceful or propitious act, pertaining to any procedure, order, injunction, judgment, award (punitive, actual, etc.), relief of any kind or nature, that this Court may deem equitable, as solely appertains to RPI's false JSM-related allegations, including but not limited to:

**(a)** a payment of irreplaceable private and confidential medical injuries, ~$6,344,020, including:

　　**(1)** a payment of private and confidential injuries I, ~$1,836,180;

　　**(2)** a payment of private and confidential injuries II, ~$2,902,413; and

　　**(3)** a payment of private and confidential injuries III, ~$1,605,427;

**(b)** a payment of irreplaceable educational damages, ~$1,525,058;

**(c)** a payment of irreplaceable employment damages, ~$3,793,186;

**(d)** a payment of partial JSM-related debt damages, ~$2,416,133;

**(e)** a payment of partial JSM-related financial losses, ~$4,590,708;

**(f)** a payment of irreplaceable and partial JSM-related defamation damages, ~$7,201,584;

**(g)** a payment of other JSM-related private and confidential injuries, ~$1,263,490;

**(h)** a payment of incurred and incurring expenses of Roe v. RPI; and

**(i)** any punitive award or relief, deemed appropriate by this Court.

**(T)   EXHIBITS.**

(¶ No. 31)     ‡‡. Six exhibits are included hereinafter:

(¶ No. 32)     **Exhibit 1**. RPI claims that, the below lawful paper of Roe et al. (hereinafter the "JSM paper"; ©2009 omitted), published in one of the most controversial urology journals in the world (hereinafter the "JSM"), is a copyright infringement and must be retracted, upon which RPI maliciously suspends Roe for ~88 years until Roe's evident death. Authors and inventors of the JSM papers are:

**(a)** corresponding author, inventor and expert 1 (i.e., "Roe");

**(b)** author, inventor and expert 2 (i.e., hereinafter "Author 2") and a current resident of the State of California; and

**(c)** author and expert 3 (i.e., hereinafter "Author 3") and a current resident of the State of North Carolina.

[Note: It is a publicly evident fact that the JSM paper is a lawful paper and the fact that it has been continually available for sale, proves that the JSM paper is not a copyright infringement and RPI's false copyright allegations were and are false at all times and places.]:

**J. Roe**           **Author 2**                    **Author 3**

█████ R███e, MSc,* █████████████, MSc,* and ████████████, MA†

*Rensselaer Polytechnic Institute—Department of Mechanical, Aerospace and Nuclear Engineering, Troy, NY, USA;
†Rensselaer Polytechnic Institute—School of Humanities, Arts, and Social Sciences, Troy, NY, USA

DOI: 10.1111/j.1743-6109.2009.001452.x

1   (¶ No. 33)     **Exhibit 2**. Evidence of RPI's dean of students or RPIOS's

2   intentional and excessive infliction of emotional distress in the first formal

3   investigation action, maliciously threatening to hold transcripts and diploma

4   of Roe; evidence of speedy and public trial, without providing any details of

5   third party's complaint or any sufficient time to resolve the matters; evidence

6   of an unqualified head of RPIJJP; partial evidence of RPI's false allegations;

7   among other facts, this evidence proves that RPI's due process was actually

8   malice from the day one of RPI's formal investigation. [Note: RPI's final

9   decision is already adjudicated therein, prior to any formal investigation,

10  which is evident by comparing exhibits 2 and 3, which proves the intentional

11  and excessive infliction of emotional distress actions by RPI. The threatening

12  phrases include, (a) the word "diploma", which refers to three potential

13  graduate degrees of Roe, blocked by RPI, valued at ~$1,525,058, as of today;

14  (b) "the ability to register for your next semester"; and (c) several other

15  evident phrases.]:

16

17  Dear ███ R███e:
       o
18  The Dean of Students Office received information that you may have been involved in the
19  following:  *academic dishonesty, specifically plagiarism, fabrication and/or collaboration,*
    specifically Grounds for Disciplinary Action *#5 and #6* as stated on page 8 of The Rensselaer
20  Handbook of Student Rights and Responsibilities, 2010-2012.  The incident in question was
    brought to this Dean's attention by a complaint that noted a 2009 paper published in the Journal
21  of Sexual Medicine 2009;6:3086-3096 constituted plagiarism.

22  Therefore, it is important that you contact the Dean of Students, Mark Smith, at 276-6266 **no**
23  **later than Wednesday, September 19, 2011, by 4:00 p.m.** to schedule a judicial inquiry
    meeting; failure to meet with the Dean could result in a hold being placed on your records that
24  may cancel any current registration, the ability to register for your next semester, and would hold
    your transcripts/diploma.
25
    Before meeting with the Dean, please review pages 6 -14 of *The Rensselaer Handbook of Student*
26  *Rights and Responsibilities, 2010-2012 (http://www.rpi.edu/dept/doso/StudentHandbook2010-*
    *2012.pdf)*.  As stated in the handbook, a student involved in the judicial process has the option to
27  utilize a student judicial advisor to provide procedural clarification.  If you would like to inquire
    further about this option, contact the Mark Smith, Dean of Students, at 276-6266.
28

(¶ No. 34)    **Exhibit 3**. Evidence of JSM-related defamation; partial evidence of

RPI's malice and false copyright allegations and their false final decision;

[Note: Please note that how close the dates are, for such serious, complex and

expert-required matters in academia, briefly detailed herein. Please also note

that false and extensively malice statements exist in any texts received from

RPIOS. For instance, Roe never "requested time to review the letter and its

conditions". Private and confidential evidence will be presented at the trial.]:


November 29, 2011



Troy, NY 12180

Dear ██████ :
Roe

This is to confirm our conversation on November 18, 2011, in which we discussed your violation of
Institute Grounds for Disciplinary Action, specifically #5: *academic dishonesty, specifically plagiarism,
fabrication and/or collaboration*, as stated on page 8 of The Rensselaer Handbook of Student Rights and
Responsibilities, 2010-2012.

You agreed to contact me to follow up on the discussion we had on November 18 and the letter, dated
November 10, 2011, outlining my determination of your responsibility for your actions regarding this case.
You requested time to review the letter and its conditions.  As of this date, you have had sufficient time to
review the letter and come to an understanding of its content.  You are hereby directed to meet with me
no later than December 1, 2011, to conclude the judicial inquiry.  If you elect not to meet with me by the
close of business on December 1, the decision issued to you in the November 10 letter will be considered
final, the conditions specified in the letter will proceed as stated, and your decision not to respond will be
taken to be your acceptance of the facts and decision rendered for your case.

1  (¶ No. 35)     **Exhibit 4**. Evidence of defamatory holds; evidence of compliance

2       hold and disciplinary suspension hold, without proper due process of the law;

3       evidence of deprival of educational and employment rights of Roe by blocking

4       the "transcripts/diploma" of Roe, as stated in exhibits 2–3, or obstructively

5       blocking three graduate degrees of Roe; [Note: Most recently, RPI terminated

6       Roe's access to this part of RPI's web site (e.g., see exhibit 5) and did not grant

7       any access upon Roe's requests.]; ©2022 Ellucian Company L.P. and its

8       affiliates:

9                                                                              Roe
                                                                    660701664 ▇▇▇▇
10  View Holds                                                      Jan 02, 2022 10:03 am

11  *Info*  **These are the holds on your record. If you have a registration hold you will not be
            allowed to register.**

12       WHO TO CONTACT IF YOU HAVE A HOLD

13       View SAM Status

14

15  *Administrative Holds*
    | Hold Type | From Date | To Date | Amount | Reason | Originator | Processes Affected |
    |---|---|---|---|---|---|---|
    | Dean of Students Hold | Nov 18, 2011 | Dec 31, 2099 | | Compliance | | Registration Transcripts Grades |
16  | Graduate Ed Office Hold | Feb 02, 2012 | Dec 31, 2099 | | Discpl. Suspension Contact OGE | | Registration Application |

17

18

19

20

21

22

23

24

25

26

27

28

AUXILIARY CASE I                                          CASE NO.
**PAGE 32 OF 35**        ORIGINAL COMPLAINT       Roe v. RPI

(¶ No. 36)    **Exhibit 5**. See <https://sis.rpi.edu/FormerConstituent.htm> ©RPI; evidence of termination of RSSIS –to limit Roe's access– which is a part of RPI's web site; RPI did not grant any access to RSSIS upon Roe's requests:

# Rensselaer Self-Service Information System

As of January 20, 2022, Former Constituents no longer have access to SIS/RSS.

**Former Students or Employees-** please email your RIN, full name and information needed to:
Students: <u>Registrar</u>
Employees: <u>Human Resources</u>

1   (¶ No. 37)    **Exhibit 6.** Evidence of the gravity of Roe–RPI matters; the below

2       letter, transmitted to RPIGC around January 9, 2022; [Note: An eight-figure

3       actual damage is redacted.]:

4

5       This is an official notification of violation to notify you that RPI is in the violation of

6   Title IX, the Copyright Law, Confidentiality, Privacy, Diversity, Discrimination, Title 20 —

7   Education — Laws, among others, as it pertains to specifically two counts of
    Administrative Holds, among others, on Rensselaer Identification Number, 660701664,

8   and RPI is in the possession of significant amount of information and evidences, and

9   resulting incurred and incurring damages are in excess of $█ million.
        Please act, as appropriate.

10

11  Respectfully,
    J█ R█e

12          o

13  

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **(U)    ATTESTATION AND CERTIFICATION.**

2   (¶ No. 38)    I, the undersigned, am the plaintiff in this original complaint. I now

3         stand up, raise my right hand, place my left hand on the Bible, swear and

4         affirm that:

5             "UNDER PENALTY OF PREJURY, I have read and understood each and

6             every statement herein and hereto and I attest and certify that all the

7             statements herein and hereto are true, correct and to the best of my

8             knowledge."

9   (¶ No. 39)    I now sit down and sign this original complaint:

14                           Very Respectfully Submitted,

16   Date: *8/15/2022*             Signature: *Roe*

18                           Name: J. Roe