UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ROE, <br><br> Plaintiff, <br><br> v. <br><br> RPI, <br><br> Defendant. | Case No. 22-cv-04727-DMR <br><br> **ORDER TO TRANSFER CASE** <br> Re: Dkt. No. 3 |

Self-represented Plaintiff J. Roe filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on August 17, 2022. [Docket No. 1 ("Compl."), 2.][1] Plaintiff's complaint names Defendant Rensselaer Polytechnic Institute ("RPI" or "Defendant") as the sole defendant. Their allegations and claims are not clear, but they appear to challenge charges of sexual harassment and plagiarism that RPI levied against Plaintiff when they were a student there. On August 25, 2022, the court ordered Plaintiff to show cause why the case is properly venued in this district and should not be transferred to the United States District Court for the Northern District of New York. [Docket No. 7.] Plaintiff filed a statement in response. [Docket No. 10 ("Statement").] Having reviewed the complaint and the Statement, the court concludes that it lacks personal jurisdiction over Defendant and that venue is not proper in the Northern District of California. Accordingly, the court orders that this matter be transferred to the Northern District of New York.[2]

---

[1] Plaintiff's filings do not use any personal pronouns. Rather than make assumptions about Plaintiff's gender or gender identity, the court uses "they/them" pronouns to refer to Plaintiff.

[2] Plaintiff consented to jurisdiction before a magistrate judge. [Docket No. 5.] RPI has not yet consented or declined. Venue transfer is a non-dispositive matter and thus falls within the scope of the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(B)(1)(A).

## I. LEGAL STANDARDS

The federal venue statutes govern the district or districts in which a civil case may be filed:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If the defendant is a corporation, the venue statue provides:

> [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.A. § 1391(d).

"[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

If "the case falls within one of the three categories set out in § 1391(b) . . . venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine*, 571 U.S. at 56; *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## II. DISCUSSION

Plaintiff alleges that Defendant is a corporation headquartered in Rensselaer County, New York. Compl. at 2, 24. As the court observed in its cause order, Plaintiff's bare allegations in the complaint are inadequate to establish that RPI has minimum contacts with California such that the court may exercise personal jurisdiction over it. [Docket No. 7 at 3-4.] The Statement does not offer any other sufficient evidence to establish minimum contacts, as it appears to rely only upon recent prelitigation communications between Plaintiff and RPI. *See* Statement at 15-29. These communications are not enough, as the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating that "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). Instead, Plaintiff must show that RPI purposefully "reached out beyond [New York] and into another by, for example, entering a contractual relationship that envisioned continuing and wide-reaching contacts in [California] or by circulating magazines to deliberately exploit a market in [California]." *Id.* (internal quotations and citations omitted). Absent such evidence of RPI's minimum contacts with California, the court does not have personal jurisdiction over RPI, and, by extension, this matter is not properly venued in this district. *See* 28 U.S.C. § 1391(b), (d).

Plaintiff asserts that venue is nevertheless proper because more than seventy-five percent of key related entities and possible witnesses reside in California, or at the very least in states outside of New York, and Plaintiff and the "property" at issue (a paper that is the basis of his copyright infringement claim) reside in California. Statement at 11, 30. This assertion is incorrect, as venue is proper "*so long as* a federal court has personal jurisdiction over the defendant." *Atl. Marine*, 571 U.S. at 56 (emphasis added). Because there is no personal jurisdiction over RPI in California, Plaintiff's case cannot be venued in any district in this state.[3]

---

[3] In any event, as the court explained in its cause order, Plaintiff's submissions indicate that the key events did not take place in California, nor do significant numbers of witnesses or evidence exist in California. [Docket No. 7 at 4.]

Accordingly, the court must transfer this case to a district where this case could have been brought. *See* 28 U.S.C. § 1406(a). As RPI is located in Rensselaer County, the court finds that venue is proper in the judicial district that embraces that county, which is the Northern District of New York.

### III. CONCLUSION

For the foregoing reasons, the court orders that this matter be transferred immediately to the Northern District of New York.[4] The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: September 8, 2022



Donna M. Ryu
United States Magistrate Judge

---

[4] In light of this order, the court does not address Plaintiff's pending IFP application and ex parte motion to seal. [Docket Nos. 2, 6.]

4