**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

**J. ROE,**

          **Plaintiff,**

    **vs.**

**RPI, a/k/a Rensselaer Polytechnic Institute,**

          **Defendant.**
_____

**1:22-CV-932**
**(TJM/ATB)**

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

Plaintiff, proceedings under a pseudonym, originally brought this action in the United States District Court for the Northern District of California. See dkt. # 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. See dkt. # 3. The California court transferred the action to this Court. See dkt. # 11. Plaintiff alleges that Defendant Rensselaer Polytechnic Institute ("RPI") committed gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., sex discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et seq., national origin discrimination in violation of Title VI of the 1964 Civil Rights Act, and committed state torts of intentional infliction of emotional distress and defamation. See dkt. # 14. The Court referred the matter to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and

1

Local Rule 72.3(c).

The Report-Recommendation, dated March 8, 2023, recommends that the Court dismiss the Amended Complaint with prejudice for failure to state a claim.[1] Judge Baxter finds that Plaintiff has admitted facts indicating that all of his claims are barred by the relevant statutes of limitation. All of the events Plaintiff describes occurred between 2008 and 2012, and Plaintiff's Complaint arrived far too late to satisfy the statutes of limitations. Moreover, Judge Baxter finds, no equitable tolling or continuing violation doctrine could save the action. Judge Baxter also recommends dismissing Plaintiff's motion to proceed

---

[1] Judge Baxter's review here is actually the second time he has examined the Amended Complaint. As he explains:

> On October 12, 2022, after my initial review of the amended complaint, I found that plaintiff's application for IFP was incomplete, and that plaintiff's amended complaint failed to state a claim in many respects. However, rather than recommending dismissal at that time, I issued an order deferring consideration of plaintiff's IFP application, and provided plaintiff the opportunity to submit a complete IFP application. I further granted plaintiff leave to file a second amended complaint, in order to address the deficiencies noted by the court in the amended complaint (Dkt. No. 15).
>
> In my October 12, 2022 decision and order, I afforded plaintiff forty five (45) days to submit a second amended complaint, and noted that if plaintiff did not submit a proposed second amended complaint or request an extension of time within which to do so, I would issue a report-recommendation based on the original filings. (Dkt. No. 15). On November 4, 2022, plaintiff filed a "motion for Extension of Time to File a completed IFP Application and Amended Complaint," which was stricken from the docket based on the relief afford in this court's October 12th decision and order. (Dkt. Nos. 16, 17). To the extent plaintiff was seeking reconsideration of this court's October 12th decision and order, I denied plaintiff's request, but afforded plaintiff an extended deadline to submit a complete IFP application and second amended complaint to December 30, 2022. (Dkt. No. 17).
>
> The deadline for plaintiff to file a complete IFP application and second amended complaint has passed, and the original filings have been returned to me for further action.

The Court finds that Judge Baxter here provided Plaintiff with sufficient opportunity to file an amended IFP application and second amended complaint. To the extent that Plaintiff objects to or appeals Judge Baxter's rulings in this respect, such objections are overruled and any appeal is dismissed.

2

*in forma pauperis* because Plaintiff has failed to provide sufficient information to evaluate his application. Judge Baxter also denied Plaintiff's motion for recusal. Judge Baxter concluded that the Plaintiff had failed to specify sufficient grounds to require recusal.

Plaintiff filed a document seeking to "remove the referral judge[2] from this case." See dkt. # 22. The document that Plaintiff filed does not address the Report-Recommendation's conclusion concerning dismissal of the Amended Complaint for failure to state a claim as much as it addresses Judge Baxter's recommendation on the *in forma pauperis* motion and Judge Baxter's conclusion that he need not recuse himself.

As to the decision not to recuse, the Court reads this portion of the motion to be an appeal of a non-dispositive decision by a magistrate judge. A district court judge reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. Labarge v. Chase Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167 F.Supp.2d 606, 621-23 (S.D.N.Y. 2001); Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir. 1967) (court's decision "not to disqualify himself is ordinarily reviewable only upon appeal from a final decision on the cause in which the application . . . was filed."). Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an

---

[2]As explained, the Court referred Plaintiff's Amended Complaint and motion to proceed *in forma pauperis* to Judge Baxter for an initial review. The Court did not refer the entire case to Judge Baxter under 28 U.S.C. § 636(c), but instead referred the matter for initial review and a report-recommendation pursuant to 28 U.S.C. § 636(b). There is no "referral" here that the Court could remove. Because Plaintiff proceeds *pro se*, the Court will interpret Plaintiff's filing to make the best arguments it suggests: for an appeal of Judge Baxter's non-dispositive decision and as objections to his recommendations.

issue in error.  Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the objecting party, and only permits reversal where the district court determines the magistrate judge "abused his broad discretion over resolution of discovery matters." Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.

The Court finds no clear error or finding contrary to law in Judge Baxter's decision not to recuse himself from this action.  Under federal law, "[a] judge is required to recuse [him]self from 'any proceeding in which h[is] impartiality might reasonably be questioned.'" SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013) (quoting 28 U.S.C. § 455(a)).  Recusal is examined under an "objective" standard: "the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." Id.  A disqualifying prejudice is one that "'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.'" Id. (quoting In re International Business Machines Corp., 618 F.2d 923, 927 (2d Cir. 1980)). As such, "recusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration effort, and ordinary admonishments to counsel and to witnesses' where the conduct occurs during judicial proceedings and where the judge 'neither relies [u]pon knowledge acquired outside proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" Id. at 29-30 (quoting IBM, 618 F.3d at 556).

Plaintiff writes that "[i]t is *very respectfully* requested that the Referral Judge is removed from this case, or if necessary, the Referral Judge is replaced by a United States

District Judge." Dkt. # 22 at 3 (emphasis in original). Plaintiff contends that he has not consented to proceed before a Magistrate Judge in this matter, and that Judge Baxter is "biased towards plaintiff for unknown reaons." Id. He alleges that Judge Baxter did internet research and discovered Plaintiff's identity. He argues that "the internet search performed by the Referral Judge has created biases in the Referral Judge's mind." Id. at 4. He further contends that Judge Baxter "has turned this *sexual harassment, intellectual property and lifelong injury* case into an IFP and pseudonym discussion–which have almost no weights in this case." Id. (emphasis in original). Plaintiff insists that he does not seek recusal because of "adverse rulings" but "due to biases towards plaintiff and lack of relevant expertise in the case." Id.

Plaintiff's argument here addresses Judge Baxter's rulings on legal matters. No reasonable, disinterested observer would question Judge Baxter's impartiality based on the conduct Plaintiff describes, including alleged efforts to determine authorship of a paper cited in the Complaint. The Court finds that Plaintiff's basis for recusal is disagreement with Judge Baxter's rulings. Judge Baxter properly denied the motion to recuse.

Plaintiff objects to Judge Baxter's recommendation that the Court deny his motion for leave to proceed *in forma pauperis*. When a party objects to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" See 28 u.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions." Id.

Plaintiff contends that Judge Baxter erred in finding that his application to proceed IFP was incomplete. "Plaintiff answered all the questions," he insists, though "[a] few minor questions of the IFP application have been answered in accordance with the Constitution of the United States."

Having provided this portion of the Report-Recommendation a *de novo* review, the Court will accept and adopt the Report-Recommendation for the reasons stated therein. Plaintiff's IFP application indicates that he has no income and has not received any income in the past twelve months from any of the sources listed in the application. See dkt. # 16-1. Plaintiff responded to several questions in the application with asterisks only, including questions asking if he had any cash in a checking or savings account, whether he owned any personal property of value, the amount of monthly expenses he had for housing, transportation, utilities, and loan payments, whether he supported anyone financially, and whether he had any debts or other financial obligations.

While Plaintiff takes the position that he need not answer these questions, and that doing so would violate his right to privacy, put him in some sort of legal jeopardy, and violates California law,[3] the Court agrees with Judge Baxter that the IFP application is not complete without such information. Federal law provides that "any court of the United States may authorize the commencement" of a civil suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security

---

[3]Plaintiff filed his case in California, where he resides.

6

therefore." 28 U.S.C. § 1915(a)(1). "Leave to proceed in forma pauperis may be obtainable only upon submission by the part of an affidavit made as required by that statute." United States v. Copen, 378 F.Supp. 99, 103 (S.D.N.Y. 1974). Courts can dismiss an application to proceed IFP if the Plaintiff does not provide information sufficient to make a "determination of financial qualification" to proceed without paying fees. Bey v. Syracuse University, 155 F.R.D. 413, 413-414 (N.D.N.Y. 1994)). Here, Plaintiff submitted an application to proceed without paying fees, but did not provide the Court with any information about assets the Plaintiff controlled. Without that information, the Court cannot determine whether the allegation of poverty Plaintiff makes is genuine, and Judge Baxter properly decided that Plaintiff could not proceed IFP.

As to Judge Baxter's recommendation to dismiss the Amended Complaint with prejudice, Plaintiff offers no specific and detailed objections to Judge Baxter's findings about the statute of limitations. Under those circumstances, the Court might consider Plaintiff's objections to be general objections." When only a general objection is made of a portion of a magistrate judge's report-recommendation, the court subjects that portion of the report-recommendation to only a *clear error* review." Boice v. M + W U.S., Inc., 130 F.Supp.3d 677, 684 (N.D.N.y. 2015). Were the Court to apply the *de novo* standard, the Court would accept and adopt the Report-Recommendation for the reasons stated therein.

Making all inferences in Plaintiff's favor and having examined all the documents he has filed in this matter, the Court concludes that Plaintiff did attempt to object specifically to Judge Baxter's conclusion that his Amended Complaint should be dismissed with prejudice because the statutes of limitations has run on each of his claims and neither equity nor the continuing violations doctrine can rescue those claim. Having reviewed the

7

record *de novo* and having considered the issues raised in Plaintiff's filings, the Court has determined to accept and adopt the recommendations of Judge Baxter for the reasons stated in the Report-Recommendation.

Therefore, as to Plaintiff's filing, dkt. # 22;

Insofar as Plaintiff seeks to appeal Judge Baxter's non-dispositive rulings in his Report-Recommendation and Order, dkt. # 21, that appeal is hereby **DISMISSED** and Judge Baxter's order denying the Plaintiff's motion for recusal is hereby **AFFIRMED**. Insofar as Plaintiff raises objections to Judge Baxter's Report-Recommendation and Order, dkt. # 21, those objections are hereby **OVERRULED**. The Report-Recommendation is hereby **ACCEPTED AND ADOPTED**. Plaintiff's motion to proceed *in forma pauperis*, dkt. # 3, is hereby **DENIED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED.**

**Dated:** May 22, 2023

Thomas J. McAvoy
Senior, U.S. District Judge